**Hazim ABDUL RITHA, aka Hazim Abdul–Zamara, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72040.
Agency No. A73–854–135.

United States Court of Appeals, Ninth Circuit.

Submitted July 30, 2004.*

Decided Dec. 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Land Wayland, Chino Hills, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Brenda M. O'Malley, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM**

Hazim Abdul Ritha, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeal's (BIA) decision vacating an Immigration Judge's (IJ) grant of his application for asylum and denying his applications for withholding of removal and for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition.

When the BIA conducts an independent review of the IJ's findings, this court re-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

views the BIA's decision and not that of the IJ. *See Kankamalage v. INS*, 335 F.3d 858, 861 (9th Cir.2003). Findings made by the BIA are reviewed under the substantial evidence standard. *See Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999).

The Attorney General has discretion to grant asylum to a "refugee," defined as an alien unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The BIA found that Abdul Ritha's application failed to demonstrate that he had been the victim of past persecution, because the harassment and discrimination he suffered while in the Iraqi army did not rise to the level of persecution. Abdul Ritha does not challenge this finding on appeal. Instead, Abdul Ritha argues that he suffers a well-founded fear of future persecution.

■ To establish a well-founded fear of future persecution, the applicant must satisfy both a subjective and an objective component. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1064–65 (9th Cir.2003). The subjective test is satisfied by credible testimony that the applicant genuinely fears persecution on a statutorily-protected ground by the relevant government or by forces the government is unable or unwilling to control. *See id.* at 1065. The BIA did not make an adverse credibility finding. Thus, Abdul Ritha satisfied the subjective prong of the well-founded fear test. *See id.* at 1069.

The BIA concluded that Abdul Ritha had not satisfied the objective prong because his testimony that the Iraqi government seeks to execute him was unsupported by any objective documentary evidence. The BIA also noted that Abdul Ritha's assertion was belied by his own testimony that his family remains unharmed and lives prosperously in Iraq. We find both conclusions unconvincing.

Abdul Ritha testified that he could not bring any documents with him that demonstrated his military service, because he would have been in serious danger had he been caught with such documents at the border. *See Salaam v. INS*, 229 F.3d 1234, 1239–40 (9th Cir.2000). The State Department Country Report, however, can be relevant supporting evidence. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1162 (9th Cir.1999). Here, the country report that was submitted to the IJ fully supports the IJ's finding that Abdul Ritha had a well-founded fear of future persecution.

■ Nor will the continued presence of Abdul Ritha's family in Iraq defeat his claim for asylum, unless the family is similarly-situated to Abdul Ritha. *Rios v. Ashcroft*, 287 F.3d 895, 902 (9th Cir.2002); *see also Lim v. INS*, 224 F.3d 929, 935 (9th Cir.2000). The record establishes that Abdul Ritha was not situated similarly to his family. First, he was conscripted and assigned to a special unit of the army, while his family was not. This circumstance increased his knowledge of and value to the Ba'ath party. Second, Abdul Ritha was targeted to join the Ba'ath party, while his parents and sisters were not. *See Melkonian*, 320 F.3d at 1068. Third, Abdul Ritha refused to join the party, was beaten, then promised to join the party and promptly deserted from the army. None of this happened to his family. Fourth, the army came looking for Abdul Ritha at his family's home, and threatened to arrest Abdul Ritha, but not his family. His family's continued presence in Iraq therefore does not defeat Abdul Ritha's claim. *See Rios*, 287 F.3d at 902.

■ Finally, the fact that Abdul Ritha himself remained in Iraq for a year after leaving the army does not defeat his eligi-

bility for asylum, because: (1) he was in hiding; (2) there is evidence that the army was searching for him; and (3) the policies concerning what the Iraqi Army would do to deserters became increasingly more menacing. *See Lim,* 224 F.3d at 935 ("Although relevant, a post-threat harmless period need not vanquish an asylum claim, particularly where significant evidence suggests that the threats are becoming more menacing.").

Substantial evidence therefore does not support the BIA's determination that Abdul Ritha failed to satisfy the objective component of a well-founded fear of future persecution. To the contrary, Abdul Ritha established a well-founded fear of future persecution on account of political opinion or imputed political opinion.

Because it had no occasion to do so given its view of the case, the BIA did not make an individualized determination concerning whether changed country conditions indicate that Abdul Ritha lacks a well-founded fear of future persecution. We therefore remand for such a finding. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Lopez v. Ashcroft,* 366 F.3d 799, 805–06 (9th Cir.2004).

**PETITION GRANTED and REMANDED.**

LEAVY, Circuit Judge, dissenting.

I respectfully dissent. Substantial evidence supports the BIA's determination that Abdul–Ritha failed to satisfy the objective component of a well-founded fear of persecution. Abdul–Ritha's family continues to live prosperously in Najef, maintaining three stores and a large home. When Abdul–Ritha was in the army he was given the important assignment of guarding underground shelters designated as Ba'ath party officials' meeting places. He was granted extended weekend leave privileges. Following his desertion, he lived in Baghdad for a year with his brother, commuting daily, presumably through the streets of Baghdad, to his brother's factory. He never testified that he was in hiding, only that, because Baghdad was big, it was an easier city in which to hide. Thus, the evidence does not compel a contrary result. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir.2004).